IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2018 MAR 20 PM 3:31
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ALEXANDER LOPEZ-MONTAÑEZ,<br>Defendant. | CASE NO. 16-624 (DRD)<br>CASE NO. 16-626 (GAG) |



## PLEA AND FORFEITURE AGREEMENT
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, Jose Capo-Iriarte, Assistant United States Attorney, Chief Criminal Division, Julia Diaz-Rex, Assistant United States Attorney, Deputy Chief of the International Narcotics Unit, and Maritza González-Rivera, Assistant United States Attorney for said District, and ALEXANDER LOPEZ-MONTAÑEZ, Defendant, by and through defendant's counsel, Kehylis Y. Vazquez Torres, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

**1.    COUNT(S) TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment in Criminal 16-624(DRD) and COUNT ONE of the Indictment in Criminal 16-626(GAG).

COUNT ONE in Criminal 16-624(DRD) charges that from in or about February 2016 and continuing until in or about October 12, 2016, in the District of Puerto Rico, and elsewhere within

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

the jurisdiction of this Court, defendant Alexander Lopez-Montañez conspired with diverse other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1) and 846.



COUNT ONE of the Indictment in case 16-626(GAG), charges the defendant with knowingly and intentionally combine, conspire, confederate and agree with other diverse persons to commit an offense against the United States, to wit: in violation of Title 18, <u>United States Code</u>, Section 1956, knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, delivered U.S. Currency representing proceeds of a specified unlawful activity using the coded language to identify the transactions, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, the source, the ownership, and the control of the proceeds of such unlawful activity, and while conducting such financial transaction knew that the property involved in the financial transaction represented proceeds of some form of unlawful activity, that is, drug trafficking, in violation of Title 18, <u>United States Code</u>, Sections 1956(h), and 1956 (a)(1)(B)(i).

2. **STATUTORY PENALTIES**

The penalty for COUNT ONE in Criminal 16-624 (DRD) is a term of imprisonment which shall not be less than ten (10) years and up to life; a fine not to exceed Ten million dollars ($10,000,000.00) and a term of supervised release of not less than five (5) years in addition to any term of incarceration, pursuant to Title 21, <u>United States Code</u>, Sections 841(a)(1) and 846.

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

The defendant acknowledges that the offense charged in COUNT ONE Criminal Case 16-624(DRD) carry a mandatory minimum sentence of ten years.

The defendant understands that the penalty for COUNT ONE in Criminal Case 16-626(GAG) the above mentioned drug count is as follows: a term of imprisonment which shall not be more than twenty (20) years, a fine of not more than $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than three (3) years in addition to any term of incarceration, pursuant to Title 18, United States Code, 1956 and Section 3583(b)(2).

3. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a) to be paid upon sentencing.

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may

3

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6.     RULE 11(c) (1) (B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.



7.     UNITED STATES RESERVATION OF RIGHTS

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8.     STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and Defendant, Alexander Lopez-Montañez, stipulate for

4

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
**Plea Agreement**

purposes of this plea agreement that this defendant shall be accountable for conspiring to possess with the intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine.

## 9. SENTENCING GUIDELINE CALCULATIONS

The United States of America and Defendant, Alexander Lopez-Montañez stipulate for purposes of this plea agreement that this defendant shall be accountable for conspiring to launder more than Two Hundred Fifty Thousand Dollars in U.S. Currency.

The United States and the defendant agree as to the following Sentencing Guidelines calculations:




| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNTS ONE16-624(DRD) & COUNT ONE 16-626(GAG)**<br>Title 21, United Status Code, Sections 841(a)(1) and 846 and Title 18 United Status Code, Section 1956 (h) and 1956 (a)(1)(A)(i) and (B)(i)) | |
| **BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(6)]**<br>**at least 5 KG of Cocaine but less than 15 KG of cocaine.** | 30 |
| ROLE IN THE OFFENSE – Defendant minor Participant U.S. S.G. 3B1.1(c ) | -3 |
| DEFENDANT IS PLEADING GUILTY TO MONEY LAUNDERING Title 18, U.S.C. Section 1956, , U.S.S.G. 2S1.2(b)(2)(B) | +2 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| **TOTAL OFFENSE LEVEL** | 26 |
| **There is no stipulation as to defendant's Criminal History Category (CHC)** | CHC I 63-78<br>CHC II 70-87<br>CHC III 78-97<br>CHC IV 92-115<br>CHC V 110-137 |

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

**10.    SENTENCE RECOMMENDATION**

The parties will recommend a sentence of 120 months of imprisonment, which is the statutory mandatory minimum in this case. Defendant acknowledges and understands that the statutory mandatory minimum sentence for the offense he is pleading guilty to in this case is 120 months of confinement.

   **a.    CRIMINAL HISTORY CATEGORY**: The parties make NO stipulation as to defendant's Criminal History Category.

**11.    WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**12.    FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and the defendant agree that **no further adjustments or departures** to the defendant's total adjusted base offense level **and no variant sentence** under Title 18, United States Code, Section 3553 **shall be sought by the parties**. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

**13.    DISMISSAL OF REMAINING COUNTS**

The parties agree that the United States will request the Court to dismiss the remaining counts against defendant in Criminal 16-624(DRD) and Criminal 16-626(GAG).

**14.    SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with counsel, Kehylis Y. Vazquez

6

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
**Plea Agreement**

Torres, Esquire, and indicates that counsel has rendered effective legal assistance.

**15.     RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.  Defendant understands that the rights of criminal defendants include the following:

a.     If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.



b.     If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.  The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.  The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.     If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.     At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present

7

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**16. STATEMENT OF FACTS**



The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**17. ENTIRETY OF PLEA AGREEMENT**

This written agreement and the supplement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and denies the existence of any other term and conditions not stated herein.

**18. AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

8

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

### 19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

### 20. FORFEITURE AGREEMENT

The defendant agrees to the following forfeiture:

(a) Defendant hereby forfeits all his right, title and interest in the any assets which constitute proceeds of the criminal offense committed or which facilitated his criminal activity in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 1956 (h).



(b) Defendant hereby agrees to the entry of an order of forfeiture of any assets, which constitute proceeds of the criminal offense committed or which facilitated his criminal activity, at the time of sentencing.



(c) As part of the defendant's plea agreement with the United States, defendant agrees not to contest the forfeiture to the government of any assets which constitute proceeds of the criminal offense committed or which facilitated his criminal activity, and not to contest the forfeiture of the assets.

(d) In the event that any claim is made by third parties to any assets which constitute proceeds of the criminal offense committed or which facilitated his criminal activity, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

(e) Defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of any assets which constitute proceeds of the criminal offense committed or which facilitated his criminal activity, including but not limited to, assisting in bringing any assets or the proceeds from the sale of assets located outside the United States within the jurisdiction of the United States, completing any legal documents required for

9

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

(f) The defendant hereby waives the requirements of Fed.R.Crim.P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

### 21. BINDING LIMITATIONS OF PLEA AGREEMENT

Defendant specifically acknowledges that this plea agreement does not extend to or bind other federal districts, federal civil, immigration and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

**RESPECTFULLY SUBMITTED**

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
Jose Capo-Iriarte
Assistant United States Attorney
Chief, Criminal Division
Date:

_____
Julia Diaz-Rex
Assistant United States Attorney
Deputy Chief, International Narcotics Unit
Date: 1/12/18

_____
Maritza González Rivera
Assistant United States Attorney
1/30/2018

_____
Kehylis Y. Vazquez Torres
Attorney for Defendant
Date: 3/20/18

_____
Alexander Lopez-Montañez
Defendant

10

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

03/20/18
Date

Alexander Lopez-Montañez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

3/20/18
Date

Kehylis Y. Vazquez Torres Esq.
Counsel for the Defendant

11

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, <u>United States Code</u>, Sections 841(1)(1) and 846, and Title 18, <u>United States Code</u>, Section 1956(h). The following is a synopsis of the facts in this case:

At trial the United States would have proven beyond reasonable doubt that defendant Alexander Lopez Montañez is guilty of the offenses charged in COUNT ONE of Criminal 16-624(DRD) and COUNT ONE in Criminal 16-626(GAG) by presenting physical and documentary evidence, photographs, audio and video recordings, electronic communications, testimony of a forensic chemist as an expert witness, cooperating witnesses, as well as the testimony of law enforcement agents among others.

<u>COUNT ONE Criminal 16-624(DRD)</u>

From in or about February 2016, and continuing until in or about October 12, 2016, in the District of Puerto Rico, defendant Alexander Lopez- Montañez, did knowingly and intentionally combine, conspire, and agree with diverse other persons, known and unknown to the Grand Jury to commit an offense against the United States, that is: a violation of Title 21, <u>United States Code</u>, Sections 841(a)(1) and 846 namely, possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1) and 846.

USA v. Alexander Lopez-Montañez, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

The object of the conspiracy was to distribute cocaine in Puerto Rico and the Continental United States for significant financial gain and profit, as described in COUNT ONE of the Indictment.

COUNT ONE Criminal 16-626(GAG)

From in or about May 2014, to in or about October, 2016, defendant Alexander Lopez-Montañez knowingly did conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846 knowing that the transactions: were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

The object of the conspiracy was to engage in financial transactions with the proceeds generated by narcotics trafficking in order to conceal the true nature and source of the illegal

13

<u>USA v. Alexander Lopez-Montañez</u>, Criminal No. 16-624 (DRD & 16-626 (GAG)
Plea Agreement

proceeds and to promote the carrying on of narcotics trafficking activities. It was part of the manner and means of the conspiracy that the defendant would coordinate and conduct financial transactions which involved the cash proceeds of drug trafficking, including but not limited to the ones described in the superseding indictment. Defendant delivered the cash drug proceeds to an Undercover HSI Special Agent posing as a money launderer at diverse locations, different dates agreed by the parties. In order to identify the transaction the defendant and the UC would utilize coded language to identify the transaction and the amount of money involved.

At trial, the United States would have proven beyond a reasonable doubt that the defendant is guilty as charged in Count One by presenting physical and documentary evidence, photos, audio recordings of defendant's voice, transcripts of defendant's conversations and the testimony of Special Agents of Homeland Security Investigations, Immigrations and Customs Enforcement.

The United States respectfully submits that Discovery has been timely provided to the defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

_____
Alexander Lopez-Montañez
Defendant
Date: 03/20/18

_____
Maritza González-Rivera
Assistant United States Attorney
Date: 1/30/2018

_____
Kehylis Y. Vazquez Torres Esq.
Counsel for Defendant
Date: 3/20/18